UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMBER KENT-STEVENS,

    Plaintiff,

v.                                                  Case No: 8:24-cv-2394-CEH-TGW

CHS EMPLOYEE GROUP LLC,

    Defendant.
_____

## ORDER

This matter comes before the Court on Defendant CHS Employee Group LLC's Motion to Dismiss or Consolidate (Doc. 15), and Plaintiff Amber Kent-Stevens' Response in Opposition (Doc. 18). Plaintiff has initiated two separate actions against Defendant in this Court, under Case Numbers 8:24-cv-796-CEH-NHA ("the first action") and 8:24-cv-2394-CEH-TGW ("the second action"). Defendant now moves to dismiss the second action under the claim-splitting doctrine, or, in the alternative, moves to consolidate the two actions.

Upon review and full consideration, the motion is due to be granted to the extent that the second action is dismissed, without prejudice to Plaintiff moving for leave to amend the Complaint in the first action to add the dismissed claims.

## BACKGROUND

On April 2, 2024, Plaintiff filed a Complaint that asserted two counts of violations under the Family and Medical Leave Act ("FMLA") in connection with

Plaintiff's employment as a medical assistant at the Manatee County Jail. Case No. 8:24-cv-796-CEH-NHA at Doc. 1. In a section titled "Administrative Prerequisites," the Complaint alleged:

> 9. On (date tbd), Plaintiff timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").
>
> 10. Plaintiff intends to move the Court to amend this Complaint once she meets all conditions precedent under Title VII and the Florida Civil Rights Act.

*Id.* at Doc. 1.

The parties' Case Management Report suggested a deadline of July 22, 2024 for moving to amend the pleadings. *Id.* at Doc. 11 p. 2. The Court issued a Case Management and Scheduling Order that set a deadline of September 6, 2024, instead. *Id.* at Doc. 12 p. 1. Neither party moved to amend the pleadings before the deadline.

On October 7, 2024, without seeking leave from the Court, Plaintiff filed an Amended Complaint. *Id.* at Doc. 15. Although the parties now represent that Defendant consented to the filing of the Amended Complaint, *see* Case No. 8:24-cv-2394-CEH-TGW at Doc. 15 p. 2 n.2; *id.* at Doc. 18 p. 2, the filing was devoid of any such indication. *See* Fed. R. Civ. P. 15(a)(2) ("a party may amend its pleading only with the opposing party's written consent or the court's leave."). Accordingly, the Court struck the filing. Case No. 8:24-cv-796-CEH-NHA at Doc. 16. Rather than filing a motion for leave to file an amended complaint, however, Plaintiff filed a new

2

case in which she asserted the causes of action she had attempted to add in the amended complaint. Case No. 8:24-cv-2394-CEH-TGW, Doc. 1.

The Complaint in the second action contains the same factual allegations as the Complaint in the first action. *See id.* ¶¶ 11-20. The "Administrative Prerequisites" section alleges that Plaintiff filed a Charge of Discrimination with the EEOC on April 2, 2024, and the EEOC issued a Dismissal and Notice of Rights on July 22, 2024. Doc. 1 ¶¶ 9-10. The complaint does not allege any counts under the FMLA, but instead asserts counts under Title VII, Florida Statutes Chapter 760, and the Florida Civil Rights Act. Doc. 1.

Defendant now moves to dismiss the second action or, in the alternative, consolidate it with the first. Doc. 15. Defendant points out that the two actions are nearly identical, and argues that Plaintiff has engaged in improper claim-splitting that merits dismissal of the second action with prejudice. *Id.* at 4-6. In the alternative, Defendant requests that the two actions be consolidated, the second Complaint be stricken, and Plaintiff be required to move for leave to file an amended Complaint. *Id.* at 7-8.

In her response in opposition, Plaintiff asks the Court to consolidate her claims rather than dismiss them. Doc. 18. Even if she did engage in improper claim-splitting, she argues she had no pernicious intent in doing so, and dismissal of her claims would unjustly penalize her for "procedural technicalities." *Id.*

3

DISCUSSION

As Plaintiff does not vigorously dispute, her initiation of a second action against the same defendant based on the same set of facts constitutes improper claim-splitting. The Eleventh Circuit adopted the doctrine of claim-splitting in *Vanover v. NCO Fin. Srvcs., Inc.*, 857 F.3d 833 (11th Cir. 2017). "The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit." *Id.* at 841, quoting *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011); *see also Vanover*, 857 F.3d at 841, quoting *Curtis v. Citibank N.A.*, 226 F.3d 133, 139 (2d Cir. 2000) ("Plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time."). Successive causes of action will constitute claim-splitting where they involve the same parties or their privies and they arise from the same transaction or series of transactions—even if the second action asserts new causes of action that are not present in the first action. *Vanover*, 857 F.3d at 841-43. Here, the two actions involve the same parties and arise from the same set of facts. Accordingly, Plaintiff improperly split her claims between the two cases.

The typical remedy for claim-splitting is a dismissal of the second action with prejudice. *See, e.g.*, *Villarino v. Joekel*, No. 0:23-cv-61003, 2024 WL 1633619 (S.D. Fla. March 29, 2024); *Heikko v. Safeco Ins. Co. of Ill.*, No. 21-61885-CIV, 2022 WL 1311138 (S.D. Fla. March 28, 2022), *aff'd*, No. 22-11380, 2022 WL 17986178 (11th Cir. Dec. 29, 2022); *Yellow Pages Photos, Inc. v. Dex Media, Inc.*, No. 8:18-cv-1872-CEH-AEP, 2019 WL 2247701 (M.D. Fla. May 24, 2019) (Honeywell, J.); *Kennedy v. Floridian*

*Hotel Inc.*, No. 0:18-cv-62486, 2019 WL 13260528 (S.D. Fla. April 3, 2019), *aff'd*, 998 F.3d 1221, 1236-37 (11th Cir. 2021); *Vanover v. NCO Fin. Systs., Inc.*, No. 8:15-cv-1434-VMC-EAJ, 2015 WL 13540996 (M.D. Fla. Oct. 28, 2015), *aff'd*, 857 F.3d 833.

Instead of dismissal, Plaintiff suggests that consolidation of the two cases would be a more just and efficient mechanism to resolve her claim-splitting. Doc. 18 at 4. After all, she asserts, she could not have raised the Title VII and state law claims at the time she filed the first action, because she had not yet exhausted her administrative remedies for those claims. Doc. 18 at 3.[1] In addition, Plaintiff points out that she attempted to add the claims by amending the Complaint in the first action, but the Court *sua sponte* struck the pleading. *Id.* at 4. She then acknowledges that, "[h]indsight being 20/20, Plaintiff would likely have been better served by moving to amend the First Action rather than filing the Second Action after the Court's *sua sponte* dismissal of Plaintiff's Amended Complaint." *Id.* at 3-4.

Indeed, the correct procedure for adding new causes of action after the deadline to do so has expired is to file a motion for leave of Court. *See* Fed. R. Civ. P. 15(a)(2). Instead, "[b]y spreading claims around in multiple lawsuits…parties waste scarce judicial resources and undermine the efficient and comprehensive disposition of cases." *Katz*, 655 F.3d at 1217.  Contrary to Plaintiff's argument, the Court does not find that consolidation of the two actions would lead to the conservation of judicial

---

[1] The Court observes, however, that Plaintiff received her right-to-sue letter from the EEOC before the deadline to move to amend the pleadings had expired. *See* Doc. 1 ¶ 10; Case No. 8:24-cv-796-CEH-NHA at Doc. 12 p. 1.

resources and the most efficient disposition of Plaintiff's claims. It will therefore dismiss the second action. *See, e.g.*, *Villarino*, 2024 WL 1633619.

Nonetheless, because it does not appear that Plaintiff's motives for engaging in claim-splitting were malicious, the Court will not dismiss her new claims with prejudice. It will instead dismiss this action without prejudice to Plaintiff seeking—in a timely manner—leave to amend the Complaint in the first action to assert the claims she raised in the second action.

Accordingly, it is **ORDERED**:

1. Defendant CHS Employee Group LLC's Motion to Dismiss or Consolidate (Doc. 15) is **GRANTED**.

2. This action is **DISMISSED**, without prejudice to Plaintiff seeking leave to amend her Complaint in Case No. 8:24-cv-796-CEH-NHA to assert the causes of action she raised in this action, in a timely manner.

3. The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on January 8, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

6